9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY IDENTIFIED AS 214 PARK AVENUE NORTH, RENTON,
WASHINGTON, its Buildings, Improvements,
Appurtenances, Fixtures, Attachments and
Easements, Defendant,
and
Coskun Ateser and Beverly Ateser, Claimants-Appellants.
 No. 92-35024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Oct. 14, 1993.
 
 Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Atesers appeal from the district court's order directing the return of their property, granting the government a certificate of reasonable cause and denying the Atesers' fees and costs. Because this order was a final order, we have jurisdiction under 28 U.S.C. § 1291. The Atesers do not challenge the merits of the order. They raise only procedural issues concerning the certificate of reasonable cause. We affirm.
 
 Rule 59(e)
 
 3
 Rule 59(e) says that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The phrase " 'alter or amend' means a substantive change of mind by the court." Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983). The title the government gave the motion is not controlling. Id. "The court will construe it, however styled, to be the type proper for the relief requested." Id.
 
 
 4
 The government concedes that it mistitled the motion and that it should have been called a "Renewed Motion for Certificate of Reasonable Cause." In its order denying the Atesers Rule 60(b) relief, the court characterized the motion correctly as a request to renote the government's earlier motion for a certificate of reasonable cause.
 
 
 5
 The court had insufficient information to make a decision based on the pleadings, so it struck the government's reasonable cause motion. It made no ruling on the merits. There was no decision to reconsider. The court properly construed the later motion as one to renote the reasonable cause motion. Rule 59(e) does not apply.
 
 Rule 60(b)
 
 6
 Rule 60(b) allows a court to grant a party relief from a final judgment or order for various reasons, including mistake, inadvertence, surprise, excusable neglect or newly discovered evidence that could not have been discovered in time to bring a 59(b) motion. See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). In granting the certificate of reasonable cause, the court said that it would re-examine its order striking the government's earlier motion because the government's motion for reconsideration of that order was timely under Rule 60(b).
 
 
 7
 In its August 19 order, the court acknowledged that that reference to 60(b) may have confused the Atesers. The court emphasized, however, that the purpose of the government's motion was merely to renote its previous motion, not to seek 60(b) relief. We agree and reject the Atesers' argument that the court erred in applying sua sponte Fed.R.Civ.P. 60(b)'s standards of relief to the government's motion to reconsider.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3